UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIEN EMMANUEL WILLIAMS,

       Plaintiff,

v.                                          Case No. 1:14-cv-968
                                          Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

                                     /

**REPORT AND RECOMMENDATION**

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying disability insurance benefits and supplemental security income. This matter is now before the court on defendant's motion to dismiss for lack of jurisdiction (docket no. 6). Defendant's motion is unopposed.

      **I.**     **Discussion**

       On July 25, 2014, an Administrative Law Judge (ALJ) issued a decision denying plaintiff's claims for a period of disability, disability insurance benefits, and supplemental security income. *See* ALJ's decision (docket no. 71 at pp. ID## 38-47); Patrick J. Herbst Declaration (docket no. 7-1 at pp. ID## 22-24).[1] There is no record that plaintiff filed a request for the Appeals Council to review the ALJ's decision. Herbst Decl. at p. ID# 24. Nevertheless, plaintiff filed the present civil action on September 15, 2014. *See* Compl. (docket no. 1). Defendant contends that plaintiff's

---

      [1]Patrick J. Herbst is the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.

complaint should be dismissed because he failed to exhaust his administrative remedies and did not obtain a judicially reviewable final decision. The court agrees.

Defendant brought this motion pursuant to Fed. Rules Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Here, defendant has provided a factual basis to demonstrate that this court lacks jurisdiction.

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in the statute. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a) (1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal

2

district court." *See* §§ 404.900(a)(5); 416.1400(a)(5).

Here, plaintiff did not request a review from the Appeals Council prior to filing this federal action. "If a claimant fails to request review from the [Appeals] Council, there is no final decision. . . In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). *See Cope v. Social Security Administration*, 532 Fed. Appx. 58, 60 (3rd Cir. 2013) ("[t]o exhaust administrative remedies, a claimant must seek review by an Administrative Law Judge (ALJ) and then the Appeals Council"). The Commissioner has not yet issued a final decision for this court to review pursuant to § 405(g). *See Sims*, 530 U.S. at 107; *Pohlmeyer*, 939 F.2d at 320; *Cope*, 532 Fed. Appx. at 60.

## II.     Recommendation

Accordingly, I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 6) be **GRANTED**.


Dated:  April 17, 2015                                          /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).